Per Curiam.
We think that the form of question put by the counsel for the Railroad Company was not correct. The proper question is pointed out in N. Y. L. and W. R. R. Co. v. Arnot, 27 Hun, 151.
The witness should have testified to the value of the farm before the railroad property was taken, and then to its value as it would be after that had been taken.
But in proceedings like this, we are not bound to enforce the strict rules of evidence. The conclusion to which the commissioners came depended not solely on the testimony given, but partly on their own observation and knowledge. *439 Unless, therefore, we think their conclusion erroneous, we ought to disregard the violation of rules of evidence.
In this case on all the facts we cannot see that the commissioners erred in their conclusions as to the value of the land.
The next question is, as to their exclusion of proof of the value of rails and ties put on the land by the railroad company. The principle laid down in Long Island R. R. Co. (6 Thompson & Cook, 298) and In re N. Y. W. S. and B. R. R. Co. (37 Hun, 317), ought not to be extended. It is not «equitable, and at most should apply only to the case where the putting of the rails, etc., on the land was a trespass.
How in this case, plainly the rails were put on the land under a license. The railroad and the parties were expecting to make an arrangement as to the sale of the land.
But it may be said that some of the owners were infants, and that the act of the railroad company was a trespass as to them. These defendants are tenants in common. William H. D. Grant lived on the land with the others and acted for them. The entry on the land was certainly with the consent of the adults, and thus with the consent of at least a part of the co-tenants. So far as this was possible, it was also with the consent of the infants. Under these «circumstances, it would be unjust that the railroad company should pay for the rails, etc., which they had placed on the land.
We see therefore, no reason why, on the merits, the order should not be affirmed.
Ho costs were allowed against the infants, whether costs against adults can ever be allowed consistently with the constitutional provisions as to taking private property, is a question not argued before us and therefore, not decided.
The order is affirmed, without costs to either party.